Contreras-Gonzalez v. Barr

BIA
Kolbe, IJ
A216 473 512

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand twenty.

PRESENT:
>GERARD E. LYNCH,
>SUSAN L. CARNEY,
>WILLIAM J. NARDINI,
>>*Circuit Judges.*

_____

ARGENIS CONTRERAS-GONZALEZ,
>*Petitioner,*

>v.                                                    19-1211
>                                                      NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:          Marisol Conde-Hernandez, Law
                         Office of Eric M. Mark, Newark,
                         NJ.

FOR RESPONDENT:          Jeffrey Bossert Clark, Acting
                         Assistant Attorney General;

Anthony P. Nicastro, Assistant Director; Ilana J. Snyder, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Argenis Contreras-Gonzalez, a native and citizen of the Dominican Republic, seeks review of a April 8, 2019 decision of the BIA affirming a October 24, 2018 decision of an Immigration Judge ("IJ") denying Contreras-Gonzalez's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Argenis Contreras-Gonzalez,* No. A 216 473 512 (B.I.A. Apr. 8, 2019), *aff'g* No. A 216 473 512 (Immig. Ct. N.Y. City Oct. 24, 2018). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented and modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). The standards

2

of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013).

The agency reasonably concluded that Contreras-Gonzalez was barred from asylum and withholding of removal. An alien is ineligible for these forms of relief if "there are serious reasons for believing that the alien has committed a serious nonpolitical crime outside the United States prior to the arrival of the alien in the United States." 8 U.S.C. § 1158(b)(2)(A)(iii); *see also id.* § 1231(b)(3)(B)(iii). "The serious reasons to believe standard is the equivalent of probable cause," and may be satisfied by the applicant's own testimony. *Guo Qi Wang v. Holder,* 583 F.3d 86, 90–91 (2d Cir. 2009) (internal quotation marks omitted). Where the evidence indicates that a mandatory ground for denial of asylum or withholding of removal, including commission of a serious nonpolitical crime, may apply, the applicant "shall have the burden of proving by a preponderance of the evidence that such grounds do not apply." 8 C.F.R. §§ 1208.16(d)(2), 1240.8(d).

The record presented serious reasons to believe that Contreras-Gonzalez had committed a serious nonpolitical crime. As reflected in an Interpol Red Notice submitted by the government, a judge in the Dominican Republic has issued an arrest warrant for Contreras-Gonzalez based on his involvement in a murder. Contreras-Gonzalez admitted in proceedings before the IJ that he was at the scene of the murder. The Interpol notice also reflected that Contreras-Gonzalez was under investigation for fraud, bribery, and corruption and he admitted to knowing of the corruption and bribery and attending meetings where the corruption and payment of bribes were discussed. Given this evidence, the burden shifted to Contreras-Gonzalez to show that the serious-nonpolitical-crime bar did not apply. Since his only contrary evidence was his own testimony, which the IJ found incredible, the agency reasonably concluded he had not met his burden. *See id.*

The serious-nonpolitical-crime bar does not preclude CAT relief, but the agency's determination that the CAT claim failed on credibility grounds is supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v.*

4

*Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (applying substantial evidence standard to adverse credibility determination). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the . . . inherent plausibility of the applicant's . . . account . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *see also Hong Fei Gao*, 891 F.3d at 76.

The agency reasonably found implausible Contreras-Gonzalez's claim that he was a whistleblower. "It is well settled that, in assessing the credibility of an . . . applicant's testimony, an IJ is entitled to consider whether the applicant's story is inherently implausible." *Wensheng Yan v. Mukasey,* 509 F.3d 63, 66 (2d Cir. 2007). An IJ's finding that an applicant's claim is inherently implausible is supported by substantial evidence if "the reasons for [the IJ's] incredulity are evident." *Id.* at 67. While "bald" speculation is an impermissible basis for an adverse

5

credibility finding, "[t]he speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience." *Siewe v. Gonzales,* 480 F.3d 160, 168–69 (2d Cir. 2007).

The record here reflects sufficient grounds for the implausibility findings and thus for the adverse credibility determination. The IJ gave Contreras-Gonzalez an opportunity to explain why, once in the United States, he delayed finding a lawyer to represent his interests in the Dominican Republic and why he spoke to a journalist only after he was taken into immigration custody. Despite his claim that he was a whistleblower, he was unable to identify any previous attempts made by him to contact authorities or the news media or to justify the six-month delay other than to say generally he did not have time or money to hire a lawyer and was afraid of the consequences if he did.

The IJ also reasonably relied on the implausibility of both Contreras-Gonzalez's account of his involvement in the murder and his detailed knowledge of the criminal activity despite his alleged lack of personal involvement. Contreras-

6

Gonzalez testified that after he reported financial irregularities to his immediate supervisor, he was promoted and included in meetings discussing that criminal activity and the payment of bribes to cover it up. The agency's finding that this account of events was implausible is reasonable: if Contreras-Gonzalez was not involved in the corruption and bribery scheme, it is unlikely that his supervisor would promote him and give him even greater access to the individuals and discussions that would leave them exposed to criminal charges. *See Wensheng Yan*, 509 F.3d at 67; *Siewe*, 480 F.3d at 169. Finally, the IJ reasonably found it implausible that Contreras-Gonzalez was not involved with the murder, yet he was present at the scene and his truck was used by the killers. After the murder, Contreras-Gonzalez asked for his truck back and received it without objection despite the possibility that it contained evidence of the crime. In light of these implausibility findings, substantial evidence supports the agency's conclusion that Contreras-Gonzalez was not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Paul v. Gonzales*, 444 F. 3d 148, 157 (2d Cir. 2006).

Finally, we reject Contreras-Gonzalez's due process claims. He has not identified what documents the IJ declined to credit or explained why those documents would change the outcome of his case. *See Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (requiring showing of prejudice to state a due process claim). He had notice of the Interpol notice and was familiar with the Government's late-filed impeachment evidence. *See Ali v. Mukasey,* 529 F.3d 478, 481 n.3 (2d Cir. 2008) (suggesting that evidence admitted for impeachment value need not be filed in advance of the hearing). Accordingly, Contreras-Gonzalez has not shown that he was denied a "full and fair opportunity" to present his case as required to show a due process violation. *See Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court